**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARCO ANTONIO LOZADA ALFONSO,

Petitioner,

v.

Case No. 2:26-cv-03404-MIS-GBW

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Marco Antonio Lazada Alfonso's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 9, 2026. Respondents answered the Petition ("Response") on October 30, 2026, ECF No. 7.[1] Respondents request the Court deny the Petition, arguing that although Petitioner has been detained for more than six months while under a final order of removal, he is responsible for the delay in his removal. Id. at 3-4. Petitioner has not filed a reply. See generally ECF. Upon review of the

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition for the reasons set forth herein.

## I. Background

This is Petitioner's second Petition. See Case No. 2:26-cv-1716-MIS-KRS ("Lozada Alfonso I"). Briefly, Petitioner is a Cuban citizen who entered the United States in 1980. Lozada Alfonso I, ECF No. 8 at 2. He has multiple felony convictions and was issued a final order of removal on July 26, 1989. Id. On December 11, 2025, United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody. Id. However, on May 18, 2026, Cuba denied Petitioner repatriation. Id. Thereafter, the United States Department of Homeland Security ("DHS") attempted to remove Petitioner to Mexico, but Petitioner repeatedly refused DHS's requests at that time to cooperate in their removal effort. Id. DHS submitted the declaration of a deportation officer, dated June 4, 2026, to support its claim that Petitioner refused to cooperate. Lozada Alfonso I, Decl. of Terrazas, ECF No. 7-2. On June 15, 2026, the Court denied Petitioner's first Petition. Lozada Alfonso I, ECF No. 8.

Petitioner filed the instant Petition on October 9, 2026. Pet. at 1. Petitioner acknowledges that he refused DHS's "offer" to be removed to Mexico but suggests it is insufficient to demonstrate his lack of cooperation with removal efforts. Id. at 6 (quotation in original). Petitioner also asserts that the Respondents have provided no additional evidence beyond the June 4, 2026, declaration of a removal officer regarding his possible removal in the reasonably foreseeable future. Id. Petitioner asserts that declaration was "a speculative statement by a very newly hired deportation officer" and that Respondents thus "cannot provide any proof of possible removal." Id. at 7. Respondents do not offer any information about specific steps taken to remove Petitioner since their efforts to do so on or about June 4, 2026. See generally Resp.

On October 19, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the petition show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Zadvydas v. Davis, 533 U.S. 678 (2001) requires relief. To the extent the Government opposes the Petition, Respondents should provide documentation of the concrete steps to effectuate removal soon to be taken or taken or since June 15, 2026, when the Court denied a previous Petition (Case No 2:26-cv-1716-MIS-KRS)." Id.

## II. Legal Standards

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Analysis

In the instant Petition, as before, Petitioner argues that his ongoing, prolonged detention violates his Fifth Amendment right to due process in that his removal is not likely in the reasonably

foreseeable future. Pet. at 6-7. He requests immediate relief. Id. at 7. Respondents acknowledge that Petitioner has been detained for more than 6 months. Resp. at 3. Respondents first argue that collateral estoppel bars the instant Petition, asserting that nothing but the length of his detention has changed. Resp. at 4. Second, Respondents argue that even if the doctrine of collateral estoppel did not bar the instant Petition, DHS is "continuing efforts to secure Petitioner's removal and believes his removal could occur in the reasonably foreseeable future." Id. at 5.

After entry of a final removal order and during the 90–day removal period ... aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Section 1231(a)(6) allows for the extension of the 90-day removal period where the Attorney General determines that the noncitizen is a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). Relying on the detention structure set forth in § 1231(a), Zadvydas held that custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

But:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C). "The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention." Singh v. U.S. Att'y Gen., 945 F.3d 1310, 1314 (10th Cir. 2019) (quoting Pelich v. Immigr. & Naturalization Serv., 329 F.3d 1057, 1060 (9th Cir. 2003)).

That is the case here, and the Court rejects Petitioner's argument that his verbal representation that he would not comply with removal efforts does not trigger the extended removal period set forth in §1231(a)(1)(C). Thus, the Court finds that, at least through June 4, 2026, Petitioner refused to cooperate with removal efforts suspended the removal period pursuant to 8 U.S.C. §1231(a)(1)(C).

The Court next rejects Respondents' collateral estoppel argument. Respondents assert that "[a]part from the length of his detention" nothing has changed since the Court ruled on Petitioner's first petition. Resp. at 4. But that change makes all the difference, for a single act of obstruction does not then give the government license to detain a noncitizen indefinitely without making further efforts to remove him. See Diouf v. Mukasey, 542 F.3d 1222, 1230-31 (9th Cir. 2008). The Ninth Circuit has spoken clearly and persuasively on the effect of instances of non-cooperation in the removal process, and the Court hereby adopts the Ninth Circuit's position, holding that the 90-day removal period "restart[s] following the latest date of documented obstruction." Id. at 1231. Put another way, what is at issue in this Petition is what happened after June 4, 2026, the last date of documented obstruction, and not whether Petitioner's refusal to comply with removal to Mexico prior to June 4, 2026, triggered an extended removal period as described in § 1231(a)(1)(C).

The record shows the last date of documented obstruction occurred on June 4, 2026, meaning that, under the approach set forth in Diouf, the 90-day removal period expired on or about October 2, 2026. However, the 90-day clock may be extended under § 1231(a)(6) through a presumptively reasonable period of 6-months or in this case through December 6, 2026. 8 U.S.C. § 1231(a)(6); Zadvydas, 533 U.S. at 701; see also Diouf, 542 F. 3d at 1232 (extending the restarted 90-day clock pursuant to § 1231(a)(6) where a noncitizen had obstructed removal efforts).

As we have not reached the end of this presumptively reasonable period to remove Petitioner after the last documented act of obstruction, the Court must deny the Petition. However, the Court does not rule out the possibility that Petitioner's ongoing detention may, at some point (possibly as soon as December 6, 2026), become unreasonably indefinite. Indeed, at this point, the record does not establish further acts of obstruction or that the Respondents have taken additional concrete steps to remove him.

Accordingly, it is **HEREBY ORDERED** that Petitioner Marco Antonio Lozada Alfonso's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE